UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

HADY SHARIFEH,

    Plaintiff,

v.

SMARTPHONE R US, INC.,
a Florida Profit Corporation,
RICHARD W. HARRIS, individually, and
MOHAMED A. ALBUNNI, individually,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, HADY SHARIFEH ("Plaintiff"), by and through undersigned counsel, files this Complaint against Defendants, SMARTPHONE R US, INC. ("Smartphone"), a Florida Profit Corporation, RICHARD W. HARRIS ("HARRIS"), individually, and MOHAMED A. ALBUNNI ("ALBUNNI"), individually, (collectively referred to as "Defendants") for violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (hereinafter as "FLSA"), and for breach of contract under Florida common law.

## JURISDICTION AND VENUE

1.    Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs. Further, the Court has supplemental jurisdiction over Plaintiff's Florida common law claims, as they arise out of the same common

nucleus of facts involving Plaintiff's claim for FLSA damages; specifically, both claims involve the manner in which Plaintiff was paid.

2. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

3. Venue is proper as Plaintiff worked for Defendants in Broward County, Florida, and the actions giving rise to these claims arose in Broward County, Florida.

## **PARTIES**

4. At all times material hereto, Plaintiff was a resident of Palm Beach County, Florida.

5. At all times material hereto, SMARTPHONE was, and continues to be, a business operating in Broward County, Florida, at which Plaintiff worked.

6. At all times hereto, HARRIS and ALBUNNI were, and continue to be, residents of Broward County, Florida.

7. At all times material hereto, HARRIS and ALBUNNI both operated SMARTPHONE.

8. At all times material hereto, HARRIS and ALBUNNI regularly held and/or exercised the authority to hire and fire employees of SMARTPHONE.

9. At all times material hereto, HARRIS and ALBUNNI regularly held and/or exercised the authority to determine the work schedules for the employees of SMARTPHONE.

10. At all times material hereto, HARRIS and ALBUNNI regularly held and/or exercised the authority to control the finances and operations of SMARTPHONE.

11. By virtue of having regularly held and/or exercised the authority to: (a) hire and fire employees of SMARTPHONE; (b) determine the work schedules for the employees of

SMARTPHONE; and (c) control the finances and operations of SMARTPHONE, HARRIS and ALBUNNI are both employers as defined by 29 U.S.C. 201 *et. seq.*

12. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

13. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

14. At all times material hereto, SMARTPHONE was, and continues to be, an "employer" within the meaning of the FLSA.

15. At all times material hereto, SMARTPHONE was, and continues to be, "an enterprise engaged in commerce," within the meaning of the FLSA.

16. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum, or the prorated amount for same during the time Defendants have been open for business, during the relevant time periods.

17. At all times relevant hereto, Defendants were primarily engaged in selling and repairing used mobile phones throughout the United States, and in Broward County, Florida.

18. At all times relevant hereto, Defendants had more than two employees.

19. At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

20. At all times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

21. At all times hereto, Plaintiff was engaged in the production of goods for commerce, or providing services in commerce, and subject to the individual coverage of the

FLSA.

22. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

23. Defendants hired Plaintiff to work as a non-exempt hourly paid Customer Service Representative in March 2016, and employed Plaintiff through September 27, 2017, at a weekly rate of $600.00 ($10.71/hour).

24. In 2016, Defendant began a pattern of untimely payments to Plaintiff, for work Plaintiff performed for Defendant. As such, Plaintiff accumulated hours he worked, for which he was not paid.

25. While Defendant periodically compensated Plaintiff for **some** of the unpaid wages owed to him, Defendant nonetheless owed Plaintiff unpaid wages for a total of twenty-six (26) weeks, at the time of Plaintiff's separation from SMARTPHONE.

26. Additionally, Plaintiff regularly worked in excess of forty (40) hours per week for Defendants.

27. Specifically, Plaintiff regularly worked fifty-six (56) hours per week and was not properly compensated time and one-half Plaintiff's regular rate for each hour worked in excess of forty (40) hours.

28. Plaintiff should have been compensated at the rate of one and one-half times Plaintiff's regular rate **for all hours** that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA throughout his employment.

29. Defendants violated Title 29 U.S.C. §207 in that:

    a. Plaintiff worked in excess of forty (40) hours in one or more workweeks

        for Plaintiff's period of employment with Defendants;

    b.    No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

    c.    Defendants failed to maintain proper time records as mandated by the FLSA.

30.    Plaintiff estimates his FLSA damages to be, as follows: Plaintiff was paid $10.71 per hour, and his overtime rate should have been $16.07 per hour. As Defendants paid Plaintiff straight time for all hours worked, Plaintiff is owed $5.36 per overtime hour, for each of these unpaid overtime hours, multiplied by his average stolen overtime hours worked per week of sixteen (16) per week, totaling **$85.78** per work week ($5.36 X 16 OT hours per week). The relevant statute of limitations is 156 weeks: $85.78 per week X 156 weeks = **$13,382.13** in unliquidated damages, and **$26,764.25** in liquidated damages.

31.    Plaintiff is also seeking attorneys' fees and costs pursuant to the FLSA.

32.    Prior to the filing of this lawsuit, Defendants did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

33.    Prior to the filing of this lawsuit, Defendants did not consult with the DOL to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

34.    Prior to the filing of this lawsuit, Defendants did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from

recovering payment for all overtime worked under the FLSA.

35. Based on the allegations in Paragraphs 32-34 above, Plaintiff is entitled to liquidated damages as Defendants has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

36. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

37. Plaintiff re-alleges and reavers Paragraphs 1 through 36 of the Complaint, as if fully set forth herein.

38. During Plaintiff's employment, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours worked.

39. Plaintiff was entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

40. Defendants failed to pay Plaintiff time and one half for all hours worked in excess of forty (40) per week in violation of the FLSA.

41. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per week when it knew, or should have known, such was, and is due.

42. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered, and continues to suffer, damages and lost compensation for time worked over forty

(40) hours per week, plus liquidated damages.

43. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

    a. Declaring, pursuant to the FLSA, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week;

    c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e. Awarding Plaintiff pre-judgment interest; and

    f. Ordering any other further relief, the Court deems just and proper.

## COUNT I - BREACH OF CONTRACT

44. Plaintiff realleges and reincorporates all allegations contained within Paragraphs 1-36 of the Complaint as if fully set forth herein.

45. Defendants offered Plaintiff certain compensation to perform work on its behalf.

46. Plaintiff accepted this offer, and performed his job in consideration for the compensation agreed to and offered by Defendant.

47. Defendant breached the oral compensation agreement it had with Plaintiff by failing to pay him for wages and compensation owed to him, for a total of twenty-six (26) work

weeks.

48. To date, Defendant has failed and/or refused to provide Plaintiff with the Compensation owed to him, despite his pre-suit demand for same, necessitating this lawsuit.

49. Plaintiff has suffered monetary damages as a result of Defendants' breach.

**WHEREFORE,** Plaintiff requests a judgment in his favor and against Defendant for his contractually entitled pay and benefits under the Agreement, as well as his costs and attorneys' fees pursuant to Section 448.08, Florida Statutes, declaratory and injunctive relief, and such other relief deemed proper by this Court.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 1st day of June 2018.

*/s/ Noah E. Storch*
Noah E. Storch, Esquire
Florida Bar No. 0085476
Email: noah@floridaovertimelawyer.com
RICHARD CELLER LEGAL, P.A.
7450 Griffin Road, Suite 230
Davie, Florida 33314
Telephone: (866) 344-9243
Facsimile: (954) 337-2771

*Attorneys for Plaintiff*