UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 0:18-cv-61223-BB

HADY SHARIFEH,

      Plaintiff,

vs.

SMARTPHONE R US, INC.,
a Florida Profit Corporation,
RICHARD W. HARRIS, individually, and
MOHAMED A. ALBUNNI, individually,

      Defendants.

_____/

## **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

The Defendants, SMARTPHONE R US, INC., a Florida Profit Corporation, RICHARD W. HARRIS, individually and MOHAMED A. ALBUNNI, individually (hereinafter collectively referred to as "Defendants"), by and through their undersigned counsel, hereby file their Answer and Affirmative Defenses to Plaintiff's Complaint, as follows:

Defendants deny each and every allegation of the Plaintiff's Complaint not expressly or otherwise admitted below. Defendants also specifically reserve the right to assert any additional affirmative defenses in matters of avoidance that may be disclosed during the course of additional investigation and discovery. Defendants' Answer to each of the specifically enumerated paragraphs of the Plaintiff's Complaint is as follows:

## **JURISDICTION**

1. Defendants admit that Plaintiff purports to bring a claim arising under the FLSA, but deny that there is any such claim and further deny the allegations, inferences and legal conclusions contained in Paragraph 1 of the Plaintiff's Complaint and demand strict proof thereof.

2.      Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 2 of the Plaintiff's Complaint and demand strict proof thereof.

3.      Defendants do not contest venue, but deny the allegations, inferences and legal conclusions contained in Paragraph 3 of the Plaintiff's Complaint and demand strict proof thereof.

## PARTIES

4.      Defendants deny for want of knowledge the allegations contained in Paragraph 4 of the Plaintiff's Complaint and demand strict proof thereof.

5.      Defendants admit that SMARTPHONE R US was, and continues to be, a business operating in Broward County, Florida, but deny the remaining allegations, inferences and legal conclusions contained in Paragraph 5 of the Plaintiff's Complaint.

6.      Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 6 of the Plaintiff's Complaint and demand strict proof thereof.

7.      Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 7 of the Plaintiff's Complaint and demand strict proof thereof.

8.      Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 8 of the Plaintiff's Complaint and demand strict proof thereof.

9.      Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 9 of the Plaintiff's Complaint and demand strict proof thereof.

10.      Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 10 of the Plaintiff's Complaint and demand strict proof thereof.

11.      Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 11 of the Plaintiff's Complaint and demand strict proof thereof.

12.      Defendants deny the allegations, inferences and legal conclusions contained in

Paragraph 12 of the Plaintiff's Complaint and demand strict proof thereof.

13.      Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 13 of the Plaintiff's Complaint and demand strict proof thereof.

14.      Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 14 of the Plaintiff's Complaint and demand strict proof thereof.

15.      Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 15 of the Plaintiff's Complaint and demand strict proof thereof.

16.      Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 16 of the Plaintiff's Complaint and demand strict proof thereof.

17.      Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 17 of the Plaintiff's Complaint and demand strict proof thereof.

18.      Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 18 of the Plaintiff's Complaint and demand strict proof thereof.

19.      Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 19 of the Plaintiff's Complaint and demand strict proof thereof.

20.      Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 20 of the Plaintiff's Complaint and demand strict proof thereof.

21.      Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 21 of the Plaintiff's Complaint and demand strict proof thereof.

22.      Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 22 of the Plaintiff's Complaint and demand strict proof thereof.

## **STATEMENT OF FACTS**

23.      Defendants deny the allegations, inferences and legal conclusions contained in

3

Paragraph 23 of the Plaintiff's Complaint and demand strict proof thereof.

24.     Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 24 of the Plaintiff's Complaint and demand strict proof thereof.

25.     Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 25 of the Plaintiff's Complaint and demand strict proof thereof.

26.     Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 26 of the Plaintiff's Complaint and demand strict proof thereof.

27.     Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 27 of the Plaintiff's Complaint and demand strict proof thereof.

28.     Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 28 of the Plaintiff's Complaint and demand strict proof thereof.

29.     Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 29 of the Plaintiff's Complaint, including all sub-parts, and demand strict proof thereof.

30.     Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 30 of the Plaintiff's Complaint and demand strict proof thereof.

31.     Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 31 of the Plaintiff's Complaint and demand strict proof thereof.

32.     Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 32 of the Plaintiff's Complaint and demand strict proof thereof.

33.     Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 33 of the Plaintiff's Complaint and demand strict proof thereof.

34. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 34 of the Plaintiff's Complaint and demand strict proof thereof.

35. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 35 of the Plaintiff's Complaint and demand strict proof thereof.

36. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 36 of the Plaintiff's Complaint and demand strict proof thereof.

**COUNT I**
**VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION**

37. With regard to Paragraph 37 of Plaintiff's Complaint, Defendants restate, re-allege and incorporate herein each and every response to Plaintiff's Complaint contained in Paragraphs 1-36 above.

38. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 38 of the Plaintiff's Complaint and demand strict proof thereof.

39. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 39 of the Plaintiff's Complaint and demand strict proof thereof.

40. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 40 of the Plaintiff's Complaint and demand strict proof thereof.

41. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 41 of the Plaintiff's Complaint and demand strict proof thereof.

42. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 42 of the Plaintiff's Complaint and demand strict proof thereof.

43. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 43 of the Plaintiff's Complaint and demand strict proof thereof.

Defendants deny that Plaintiff is entitled to any of the damages or relief sought in the WHEREFORE clause of Count I of the Plaintiff's Complaint, including all sub-parts, and demand strict proof thereof.

## COUNT II (incorrectly titled Count I)
### BREACH OF CONTRACT

44.     With regard to Paragraph 44 of Plaintiff's Complaint, Defendants restate, re-allege and incorporate herein each and every response to Plaintiff's Complaint contained in Paragraphs 1-36 above.

45.     Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 45 of the Plaintiff's Complaint and demand strict proof thereof.

46.     Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 46 of the Plaintiff's Complaint and demand strict proof thereof.

47.     Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 47 of the Plaintiff's Complaint and demand strict proof thereof.

48.     Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 48 of the Plaintiff's Complaint and demand strict proof thereof.

49.     Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 49 of the Plaintiff's Complaint and demand strict proof thereof.

Defendants take no position with regard to Plaintiff's demand for a trial by jury.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

As and for their First Affirmative Defense, Defendants state that none of their actions were "willful", as said term is defined by the Fair Labor Standards Act, regulations, and interpretive case law.

### Second Affirmative Defense

As and for their Second Affirmative Defense, Defendants state that the Plaintiff's claim for liquidated damages is barred because Defendants at all times material hereto acted in good faith

and had reasonable grounds for believing that their policies and practices were not violations of the FLSA, as

### Third Affirmative Defense

As and for their Third Affirmative Defense, Defendants state that all or part of the Plaintiff's claims are barred by the applicable statute of limitations.

### Fourth Affirmative Defense

As and for their Fourth Affirmative Defense, Defendants state that the Plaintiff's claims are barred because Defendants at all times material hereto acted in good faith in conformity with and in reliance on written administrative regulations, orders, rulings, approvals and/or interpretations of the Administrator of the Wage and Hour Division of the Department of Labor.

### Fifth Affirmative Defense

As and for their Fifth Affirmative Defense, Defendants state that Plaintiff has failed to state a claim upon which relief may be granted.

### Sixth Affirmative Defense

As and for their Sixth Affirmative Defense, Defendants state that the Plaintiff's claims are barred because any hours worked by the Plaintiff over forty in any particular workweek for which they were not properly paid was without the knowledge, either actual or constructive, of Defendants.

### Seventh Affirmative Defense

As and for their Seventh Affirmative Defense, Defendants state that the Plaintiff's claims are barred because he has been properly paid.

### Eighth Affirmative Defense

As and for their Eighth Affirmative Defense, Defendants state that the Plaintiff's claims

are barred by the "de minimus" doctrine.

### Ninth Affirmative Defense

As and for their Ninth Affirmative Defense, Defendants state that Plaintiff has failed to join an indispensable party.  Specifically, if the Plaintiff failed to receive wages owed to him, the party solely responsible for any damages is not the Defendants.

### Tenth Affirmative Defense

As and for their Tenth Affirmative Defense, Defendants state that Plaintiff's claim is barred, in whole or in part, by the doctrine of unclean hands, theft and/or fraud.  Specifically, Plaintiff engaged in a pattern of fraud, theft or misconduct sufficient to legally bar relief and/or reduce any damages.

### Eleventh Affirmative Defense

As and for their Eleventh Affirmative Defense, Defendants state that the Plaintiff has failed to mitigate his damages and any potential recovery should be reduced accordingly.

### Twelfth Affirmative Defense

As and for their Twelfth Affirmative Defense, Defendants state that the Plaintiff's claims are frivolous, both in factual and legal substance, and Defendants are entitled to an award of their attorneys' fees and costs incurred in defending the instant action.

### Thirteenth Affirmative Defense

As and for their Thirteenth Affirmative Defense, Defendants state that the Plaintiff's claim for attorneys' fees and costs is barred based on the authority of *Goss v. Killian Oaks House of Learning*, 248 F. Supp. 2d 1162 (S.D. Fla. 2003).

Defendants reserve the right to assert additional affirmative defenses which may be learned or disclosed through the discovery process.

8

## DEMAND FOR COSTS AND ATTORNEY'S FEES

Defendants are entitled to an award of costs and attorney's fees incurred in defense of Plaintiff's claims because the claims have been brought in bad faith.  *See*, *e.g.*, *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541 (11th Cir. 1985), and *Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428 (11th Cir. 1998).

WHEREFORE, having fully answered the Plaintiff's Complaint, Defendants pray that this Honorable Court dismiss with prejudice the Plaintiff's claims in full, tax costs against the Plaintiff and in favor of Defendants, and reserve jurisdiction to consider a timely filed motion for attorneys' fees on the authority of *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541 (11th Cir. 1985).

Dated:  August 27, 2018　　　　　　Respectfully submitted,
　　　　　Boca Raton, FL

　　　　　　　　　　　　　　　　*s/ Daniel R. Levine*
　　　　　　　　　　　　　　　　DANIEL R. LEVINE, ESQ.
　　　　　　　　　　　　　　　　Florida Bar No. 0057861
　　　　　　　　　　　　　　　　E-Mail:  DRL@PBL-Law.com
　　　　　　　　　　　　　　　　ERICA A. GONSALVES, ESQ.
　　　　　　　　　　　　　　　　Florida Bar No. 125538
　　　　　　　　　　　　　　　　E-Mail:  EG@PBL-Law.com
　　　　　　　　　　　　　　　　Padula Bennardo Levine, LLP
　　　　　　　　　　　　　　　　3837 NW Boca Raton Blvd., Suite 200
　　　　　　　　　　　　　　　　Boca Raton, FL  33431
　　　　　　　　　　　　　　　　Telephone:　(561) 544-8900
　　　　　　　　　　　　　　　　Facsimile:　(561) 544-8999
　　　　　　　　　　　　　　　　Attorneys for Defendants

9

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF.

_s/ Daniel R. Levine_____
DANIEL R. LEVINE, ESQ.
ERICA A. GONSALVES, ESQ.

## SERVICE LIST

*Hady Sharifeh v. Smartphone R Us, Inc., et al.*
Case No. 0:18-cv-61223-BB
United States District Court, Southern District of Florida

| | |
|---|---|
| Noah E. Storch, Esquire<br>E-Mal:  noah@floridaovertimelawyer.com<br>Richard Celler Legal, P.A.<br>7450 Griffin Road, Suite 230<br>Davie, FL  33314<br>Telephone:      (866) 344-9243<br>Facsimile:      (954) 337-2771<br>Counsel for Plaintiff<br>*Via CM/ECF* | Daniel R. Levine, Esquire<br>E-Mail:  DRL@PBL-Law.com<br>Padula Bennardo Levine, LLP<br>3837 NW Boca Raton Blvd., Suite 200<br>Boca Raton, FL  33431<br>Telephone:      (561) 544-8900<br>Facsimile:      (561) 544-8999<br>Counsel for Defendants<br>*Via CM/ECF* |
| | Erica A. Gonsalves, Esquire<br>E-Mail:  EG@PBL-Law.com<br>Padula Bennardo Levine, LLP<br>3837 NW Boca Raton Blvd., Suite 200<br>Boca Raton, FL  33431<br>Telephone:      (561) 544-8900<br>Facsimile:      (561) 544-8999<br>Counsel for Defendants<br>*Via CM/ECF* |